**B. J. Development Corp. v. Board of Supervisors**

*William H. Lamb,* for appellant.

*William R. Keen, Jr.,* for appellee.

KURTZ, Jr., J., June 15, 1971.—The Board of Supervisors of West Caln Township in this county have adopted two ordinances which undertake to regulate the use of house trailers and house trailer parks within the township. The first ordinance, no. 13, was adopted on April 8, 1960. The second, no. 15, was adopted December 7, 1964. Section 702, cl. xxix, of the Second Class Township Code of May 1, 1933, P. L. 103, as amended, 53 PS §65729, provided the authority under which those ordinances were adopted.

The Pennsylvania Municipalities Planning Code of July 31, 1968, P. L. —— (No. 247) 53 PS §10101, et seq., became effective January 1, 1969, 53 PS §10102. Section 107(13) thereof, 53 PS §10107, includes townships of the second class within its definition of a "municipality." Section 501 thereof, 53 PS §10501 provides, inter alia:

"The governing body of each municipality may regulate subdivisions and land development within the municipality by enacting a subdivision and land development ordinance."

Since the ordinances now in court were adopted long before the effective date of the planning code, they cannot be regarded as having been promulgated under the authority of any of its provisions.

In July of 1970, B. J. Development Corporation, the self-styled appellant in this case, submitted an application to the supervisors of the township for a permit to operate a trailer park together with a plan for the development of the tract of land in said township which it proposed to use in that manner. The application specifically stated that it was being made pursuant to the appropriate provisions of ordinances nos. 13 and 15. After considerable consultation and correspondence between the applicant and the board of supervisors, that body "orally denied, refused and turned down" the applicant's plan for development at its regular meeting held October 5, 1970. It is from that decision of the supervisors that the developer now seeks to appeal. It points to section 512 of the planning code, supra, 53 PS §10512, as its authority for so doing. That section provides:

"The decisions of the governing body or the planning agency with respect to the approval or disapproval of plats may be appealed directly to court in the

same manner and within the same time limitations, as is provided for zoning appeals from the decisions or findings of the zoning hearing board by this act."

In this situation, the applicant has misconceived its remedy. The application it made was not for a permit to subdivide land under the authority of an ordinance enacted pursuant to the enabling provisions of the Municipalities Planning Code. What the applicant here sought was the approval of plans specifically submitted pursuant to the provisions of earlier ordinances, the purpose of which was to protect the health and safety of the township's citizens by specifically regulating the establishment and operation of mobile home or trailer parks. Although these regulations include certain aspects of subdivision and land development, those aspects of it do not constitute its basic elements. From this we conclude that this applicant has not been denied the privilege of subdivision but that the township refused to issue a permit for the operation of a trailer park.

In that regard, an examination of the two ordinances in question indicates that neither contains any provisions for the taking of an appeal from an adverse decision rendered by the board of supervisors. We have found no statutory authority which permits the taking of an appeal in the circumstances thus presented. See Pascale v. Morrisville Borough, 8 D. & C. 2d 530 (1956), and Commonwealth v. Snelling & Snelling, 45 D. & C. 2d 514 (1968). This is not to say that the applicant may not obtain relief against an improper refusal by the supervisors to grant the permit it seeks. If it has been wronged in that regard, and if it has complied with the valid requirements of the ordinances in question, a writ of mandamus would properly issue.

Appeal quashed.